PisaRsoN, C. J.
 

 The object for requiring notice, is to give the opposite party an opportunity to attend, and cross-examine. We think this purpose was answered by the notice, the sufficiency of which, is drawn in question.
 

 It is objected that the notice does not set out the
 
 county
 
 in. which the suit was pending. The names of the parties, and the fact that the suit was pending in a superior court of law, are set out, and we consider this sufficient to enable the defendant to know, with reasonable certainty,-that the deposition was to be used in the suit, which was pending between them in the Superior Court of law for the county of Currituck, in the absence of proof that there was any other suit pending between them in a superior court of law in any other county.
 

 It is also objected that the notice does not identify the place where the deposition was to be taken. The description is “at the house of William Perry,” (the witness) and it is said this is deficient in certainty, in this: it does not set out the
 
 comity
 
 in which William Perry lived.
 

 We are to take it, that William Perry was a man of ordinary notoriety, and the defendant could have found the way to his house, in the same manner that he could to the “store of A B,” or “ the mill of C D.”
 
 The house where a certain individual lives,
 
 is a description sufficiently definite to identify the place. The tract of land “ on which A B now lives,” is a sufficient description of the premises in a lease for years, or a deed conveying the fee simple; and, on the same princi-
 
 *40
 
 pie, it must be held to indicate, with reasonable certainty, the place at which a deposition is to be taken. In the absence of any proof that there are more William Perrys than the one, whose deposition it was proposed to take, there is no more reason for requiring the notice to set out the county in which his house is situate, than the part of the county, or the water course, or public road, on, or near which, he lives.
 

 Our conclusion is not at all opposed to the principle established by
 
 Taylor
 
 v.
 
 Gooch,
 
 5 Jones’ Rep. 404, and
 
 Sloan
 
 v.
 
 Williford, 3
 
 Ire. Rep. 307. The object of the notice, as before stated, is to give the party an opportunity to attend and cross-examine; and, while on the one hand, we will not allow a party to be forced to attend on Sunday, as is held in the latter case, or on a day when his presence is required at another place for the purposes of that very suit, as is held in the former, so, on the other, we hold that the principle is complied with substantially, if the notice describes the place with reasonable certainty.
 

 We are not at liberty to express an opinion upon the question of title, made by the case, and we are the less inclined to do so, because we presume the deposition, which was improperly rejected, sets out'facts relevant to that question. There is error, and a
 
 mnwe de novo
 
 is awarded.
 

 Pee Cubiam, Judgment reversed.